## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

STANLEY T. KRUKOWSKI,             )
                                  )
      Plaintiff,                   )
                                  )
vs.                               )  Case No. CIV-17-573-D
                                  )
STATE OF OKLAHOMA *ex rel.*       )
THE BOARD OF REGENTS OF           )
THE UNIVERSITY OF OKLAHOMA,       )
                                  )
      Defendant.                   )

### COMPLAINT

Plaintiff Stanley T. Krukowski ("Plaintiff" or "Krukowski") and, for his causes of action against Defendant State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma ("Defendant" or "University"), alleges and states as follows:

### The Parties

1. At all relevant times, Plaintiff was and now is a resident of the City of Norman, Cleveland County, State of Oklahoma.

2. At all relevant times, Defendant was and now is a constitutional agency of the State of Oklahoma whose principal place of conducting its business is located in the City of Norman, Cleveland County, State of Oklahoma.

### Jurisdiction and Venue

3. This Court has original subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1331 because all of the claims arise under federal law. This Court also has personal jurisdiction over Defendant.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff's causes of action arose within this judicial district.

### Factual Allegations

5. Plaintiff began his employment with Defendant on or around January 7, 2002 as a Geologist III in the office of the Oklahoma Geological Survey ("OGS").

6. Plaintiff is currently employed by Defendant as a Geologist IV in the office of the OGS.

7. In January 2016, J. Mike Stice, Dean and Lester A. Day Family Chair of Defendant's Mewbourne College of Earth & Energy, called a meeting with the OGS staff.

8. At the January 2016 meeting, Dean Stice told the OGS staff that "we have ways of making people want to leave." Dean Stice gave several examples, such as changing the locks on an employee's office door and moving an employee to the basement.

9. From May 24, 2016 to June 5, 2016, Plaintiff helped Ms. Jordan Williams, an OGS research assistant, with a study concerning porosity and permeability of reservoir rock.

10. During this time, Plaintiff learned from Ms. Williams that she was the victim of sex discrimination by other employees of Defendant. Plaintiff provided Ms. Williams career advice and recommendations on how to address unlawful sex discrimination.

2

11. On July 8, 2016, Plaintiff received a notice from his supervisor, Mr. Jeremy Boak, that Plaintiff was reassigned to a substantially smaller office space located in the basement of the OGS building.

12. After July 8, 2016, Plaintiff's job duties were significantly changed. Plaintiff began receiving orders to complete data entry tasks that were uncharacteristic for a geologist of Plaintiff's skill and experience.

13. In July 2016, Plaintiff received an email from Julie Chang, another geologist at OGS. In this email, Ms. Chang directed Plaintiff to perform several industrial minerals projects without having any discussion with Plaintiff concerning projects that Plaintiff was already working on. Plaintiff was confused as to why he was receiving directives from Ms. Chang, seeing as he had received no notice that Ms. Chang had supervisory authority over Plaintiff.

14. On September 22, 2016, Plaintiff filed a complaint with Bobby J. Mason, Defendant's equal opportunity officer and Title IX coordinator, at Defendant's Equal Opportunity Office. The basis of Plaintiff's complaint was that he had been unlawfully retaliated against for providing advice to Ms. Williams after Ms. Williams was subject to sex discrimination by other employees of Defendant.

15. On or around September 22, 2016, Ms. Williams also filed a complaint with Defendant's Equal Opportunity Office. Ms. Williams' complaint alleged that she was the subject of sex discrimination and retaliation by other employees of Defendant.

3

16. On November 22, 2016, Plaintiff amended his complaint to Defendant's Equal Opportunity Office.

17. After Plaintiff filed his complaint with Defendant's Equal Opportunity Office, he was subjected to further retaliation from Mr. Boak and Ms. Chang.

18. Ms. Chang required Plaintiff to write reports justifying his participation in professional conferences. Ms. Chang also demanded that Plaintiff submit his reports within an unreasonably short period of time. No other similarly-situated persons at OGS have been asked to write such reports in the same manner and timeframe that Ms. Chang requested of Plaintiff.

19. In October 2016, while Plaintiff was on vacation, Plaintiff received an email regarding a deadline for Plaintiff to move out of his current office. However, the deadline to move was set very soon after Plaintiff was to return from his vacation.

20. After Plaintiff raised his complaints with Defendant's Equal Opportunity Office, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on December 9, 2016, formally complaining of unlawful retaliation.

21. After Plaintiff's direct and indirect supervisors became aware of his Charge of Discrimination, Plaintiff was subjected to further retaliation.

22. Plaintiff timely commenced this action against Defendant on May 19, 2017, which was within 90 days of receiving his Notice of Suit Rights for his Charge of Discrimination.

4

**FIRST CAUSE OF ACTION**

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

23. Plaintiff incorporates paragraphs 1-22 as though fully stated herein.

24. Plaintiff engaged in protected activities by giving advice to Jordan Williams as to how to respond to discriminatory conduct, by filing a complaint with Defendant's Equal Opportunity Office, and by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on December 9, 2016.

25. Plaintiff was subjected to materially adverse employment actions subsequent to his protected activities in that, *inter alia*: Defendant significantly and substantially reduced Plaintiff's job responsibilities; forced Plaintiff to move into a smaller office into the OGS building basement; assigned Plaintiff an unreasonable amount of work and deadlines without asking Plaintiff what projects he was currently working on; and by unreasonably requiring Plaintiff to engage in work that no other similarly-situated geologists at OGS were required to perform.

26. Defendant's stated reason for the materially adverse employment actions is pretextual and not worthy of belief.

27. As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to his professional reputation, and loss of enjoyment of life, all to his damage in a sum in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant be ordered to make Plaintiff whole by providing all of the remedies authorized by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e;

(2) That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to Title VII in an amount to be determined by the jury at the time of the trial;

(3) That Defendant be ordered to pay Plaintiff costs and a reasonable attorney's fee;

(4) That Defendant be ordered to pay pre- and post-judgment interest;

(5) For such other and further relief as this Court deems just and proper.

s/Geoffrey A. Tabor
Stanley M. Ward, OBA#9351
Woodrow K. Glass, OBA#15690
Barrett T. Bowers, OBA#30493
Geoffrey A. Tabor, OBA #32880
WARD & GLASS, L.L.P.
1601 36th Avenue NW, Suite 2100
Norman, Oklahoma 73072
405-360-9700
405-360-7902 (fax)
geoffrey@wardglasslaw.com
ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED

6